# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tyler Young

### DEFENDANTS
Holman, Inc. f/k/a ARI Fleet, LT, et al.,

**(b)** County of Residence of First Listed Plaintiff: Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Burlington County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Simon & Simon, PC
18 Campus Blvd., Suite 100
Newtown Square, PA 19073

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [X] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS - PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS - Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391(a) (1) and (2)

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/02/2023

SIGNATURE OF ATTORNEY OF RECORD: *Marc Simon*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Tyler Young - 1151 Sterigere St., Norristown, PA 19401

Address of Defendant: Holman, Inc. f/k/a ARI Fleet, LT - 4001 Leadenhall Rd., Mount Laurel, NJ 08054
Ally US, LLC - Ally Detroit Center, 500 Woodward Ave., Floor 10, Detroit, MI 48226

Place of Accident, Incident or Transaction: Commerce Dr., in Upper Moreland, PA

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/02/2023   *Marc Simon*   201798
                   Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [X] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Marc Simon, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 11/02/2023   *Marc Simon*   201798
                   Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Tyler Young | : | CIVIL ACTION |
| v. | : | |
| Holman, Inc. f/k/a ARI Fleet, LT, et al., | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 11/02/2023 | Marc Simon | Tyler Young |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-467-4666 | 267-639-9006 | MarcSimon@gosimon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Tyler Young : | |
| 1151 Sterigere St. : | |
| Norristown, PA 19401 : | #_____ |
|                Plaintiff : | |
|   v. : | |
| : | |
| Holman, Inc. f/k/a ARI Fleet, LT : | |
| 4001 Leadenhall Rd. : | |
| Mount Laurel, NJ 08054 : | |
|                And : | |
| Ally US, LLC : | |
| Ally Detroit Center : | |
| 500 Woodward Ave., Floor 10 : | |
| Detroit, MI 48226 : | |
|                Defendant(s) : | |

## COMPLAINT

## PARTIES

1. Plaintiff, Tyler Young, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Holman, Inc. f/k/a ARI Fleet, LT, is a corporate entity authorized to conduct business in the State of New Jersey, with a business address listed in the caption of this Complaint.

3. Defendant, Ally US, LLC is a corporate entity authorized to conduct business in the State of Michigan, with a business address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, Tyler Young, is a citizen of Pennsylvania and the Defendant, Holman, Inc. f/k/a ARI Fleet, LT, upon information and belief is a corporate entity with its principal place of business in New Jersey, and the Defendant, Ally US, LLC, upon information and belief is a corporate entity with its principal place of business in Michigan and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

6. On or about November 9, 2022, Plaintiff was the operator of a motor vehicle traveling on Commerce Dr., in Upper Moreland, PA.

7. At or about the same date and time, a driver for Ally US, LLC, was the operator of a motor vehicle which was owned, rented, leased, and/or otherwise under the control of and entrusted to him/her by Defendants, Holman, Inc. f/k/a ARI Fleet, LT and Ally US, LLC (the "Subject Motor Vehicle").

8. Upon information and belief, the Subject Motor Vehicle bore the logo and business name of Defendant, Ally US, LLC, and was being used for the business purpose(s) of Defendant, Ally US, LLC.

9. At or about the same date and time, a driver for Ally US, LLC, was driving the Subject Motor Vehicle at or near the aforesaid location of the Plaintiff's vehicle when he/she suddenly, and without warning, merger into Plaintiff's lane of travel without clearance, striking the Plaintiff's vehicle.

10. At all times relevant hereto, including the time of the subject motor vehicle collision, a driver for Ally US, LLC was an agent, employee, and/or servant of Defendant, Ally US, LLC, and was operating the Subject Motor Vehicle in the course and scope of his/her agency and/or employment with Defendant, Ally US, LLC.

11. Upon information and belief, in proceeding to strike the Plaintiff's vehicle, a driver for Ally US, LLC failed to maintain an assured clear distance from vehicles ahead, failed to pay adequate attention to his/her surroundings ahead, failed to ensure traffic ahead was clear, was in a hurry, and/or was simply fatigued and/or distracted.

12. The collective and individual acts, omissions, and failures detailed above and further below on the part of Defendants, Holman, Inc. f/k/a ARI Fleet, LT and Ally US, LLC, were careless and negligent.

13. The subject motor vehicle collision was proximately caused by the carelessness,

and/or negligence of Defendants, Holman, Inc. f/k/a ARI Fleet, LT and Ally US, LLC, and not the result of any action or failure to act by Plaintiff.

14. As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of Defendants, Holman, Inc. f/k/a ARI Fleet, LT and Ally US, LLC, Plaintiff has sustained serious permanent personal injuries and damages, including to the lower back and neck, as well as left hip pain.

## COUNT I
### Tyler Young v. Holman, Inc. f/k/a ARI Fleet, LT
### Negligent Hiring, Retention, Training, Supervision, and Entrustment

15. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

16. The carelessness and/or negligence of Defendant Holman, Inc. f/k/a ARI Fleet, LT, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by Plaintiff, included the following actions/inactions:

   a. Hiring, retaining, and permitting a driver for Ally US, LLC to operate the Subject Motor Vehicle without first properly and adequately qualifying him/her consistent with industry custom and applicable regulations;

   b. Hiring, retaining, and permitting a driver for Ally US, LLC to operate the Subject Motor Vehicle without first conducting a proper and adequate background check to ascertain whether or not he/she was competent and fit to properly and safely operate a motor vehicle;

   c. Failing to provide proper, adequate, ongoing and/or remedial training to a driver for Ally US, LLC consistent with industry custom and applicable regulations, including safe and defensive driving training in general and specific to paying proper attention to his/her surroundings and avoiding in-vehicle distractions;

   d. Failing to take proper and adequate measures to prevent a driver for Ally US, LLC from endangering the motoring public, specifically including Plaintiff, by: failing to pay proper attention to his/her surroundings while driving; driving while distracted and/or fatigued; and/or rushing and/or hurrying;

   e. Retaining and permitting a driver for Ally US, LLC to operate the Subject Motor

      Vehicle when Defendant Holman, Inc. f/k/a ARI Fleet, LT knew or, in the exercise of due care and diligence, should have known by and through his prior unsafe and/or substandard driving conduct during his/her tenure as agent/employee of Defendant Holman, Inc. f/k/a ARI Fleet, LT that a driver for Ally US, LLC was incompetent and/or unfit to drive a motor vehicle, capable of committing and likely to commit actions and inactions like those set forth above that would harm the motoring public;

f. Failing to properly and adequately train, monitor and/or supervise a driver for Ally US, LLC to ensure he/she would adhere to proper safe and defensive driving practices custom to the industry and/or required by the Pennsylvania Motor Vehicle Code, and/or applicable regulations;

g. Failing to properly and adequately train, monitor, and/or supervise a driver for Ally US, LLC to ensure he/she could manage collision-free encounters with the motoring public, specifically including Plaintiff;

h. Unreasonably setting and assigning a driver for Ally US, LLC a route that was too tight/aggressive for him/her to perform without hurrying and/or rushing to complete said route;

i. Allowing and/or directing a driver for Ally US, LLC to operate the Subject Motor Vehicle while he/she was fatigued; and

j. Failing to warn the motoring public, including Plaintiff, that a driver for Ally US, LLC knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to a driver for Ally US, LLC's negligent, and/or careless operation of the motor vehicle.

17. As a direct and proximate result of the negligent, and/or careless conduct of Defendant, Holman, Inc. f/k/a ARI Fleet, LT, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including to the lower back and neck, as well as left hip pain, all to Plaintiff's great loss and detriment.

18. As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

19. As an additional result of the carelessness, and/or negligence of Defendant, Holman, Inc. f/k/a ARI Fleet, LT, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

20. As a direct result of the carelessness and/or negligence of Defendant, Holman, Inc. f/k/a ARI Fleet, LT, Plaintiff suffered damage to his/her personal property, including the motor vehicle he/she was operating at the time of the subject crash, and related expenses including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

21. As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

22. Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Tyler Young, prays for judgment in his/her favor and against Defendant, Holman, Inc. f/k/a ARI Fleet, LT, in an amount in excess of Seventy-Five ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT II
### Tyler Young v. Ally US, LLC
### Negligent Hiring, Retention, Training, Supervision, and Entrustment

23. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

24. The carelessness and/or negligence of Defendant Ally US, LLC, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by Plaintiff, included the following actions/inactions:

k. Hiring, retaining, and permitting a driver for Ally US, LLC to operate the Subject Motor Vehicle without first properly and adequately qualifying him/her consistent with industry custom and applicable regulations;

l. Hiring, retaining, and permitting a driver for Ally US, LLC to operate the Subject Motor Vehicle without first conducting a proper and adequate background check to ascertain whether or not he/she was competent and fit to properly and safely operate a motor vehicle;

m. Failing to provide proper, adequate, ongoing and/or remedial training to a driver for Ally US, LLC consistent with industry custom and applicable regulations, including safe and defensive driving training in general and specific to paying proper attention to his/her surroundings and avoiding in-vehicle distractions;

n. Failing to take proper and adequate measures to prevent a driver for Ally US, LLC from endangering the motoring public, specifically including Plaintiff, by: failing to pay proper attention to his/her surroundings while driving; driving while distracted and/or fatigued; and/or rushing and/or hurrying;

o. Retaining and permitting a driver for Ally US, LLC to operate the Subject Motor Vehicle when Defendant Ally US, LLC knew or, in the exercise of due care and diligence, should have known by and through his prior unsafe and/or substandard driving conduct during his/her tenure as agent/employee of Defendant Ally US, LLC that a driver for Ally US, LLC was incompetent and/or unfit to drive a motor vehicle, capable of committing and likely to commit actions and inactions like those set forth above that would harm the motoring public;

p. Failing to properly and adequately train, monitor and/or supervise a driver for Ally US, LLC to ensure he/she would adhere to proper safe and defensive driving practices custom to the industry and/or required by the Pennsylvania Motor Vehicle Code, and/or applicable regulations;

q. Failing to properly and adequately train, monitor, and/or supervise a driver for Ally US, LLC to ensure he/she could manage collision-free encounters with the motoring public, specifically including Plaintiff;

r. Unreasonably setting and assigning a driver for Ally US, LLC a route that was too tight/aggressive for him/her to perform without hurrying and/or rushing to complete said route;

  s. Allowing and/or directing a driver for Ally US, LLC to operate the Subject Motor Vehicle while he/she was fatigued; and

  t. Failing to warn the motoring public, including Plaintiff, that a driver for Ally US, LLC knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to a driver for Ally US, LLC's negligent, and/or careless operation of the motor vehicle.

25. As a direct and proximate result of the negligent, and/or careless conduct of Defendant, Ally US, LLC, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including to the lower back and neck, as well as left hip pain, all to Plaintiff's great loss and detriment.

26. As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

27. As an additional result of the carelessness, and/or negligence of Defendant, Ally US, LLC, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

28. As a direct result of the carelessness and/or negligence of Defendant, Ally US, LLC, Plaintiff suffered damage to his/her personal property, including the motor vehicle he/she was operating at the time of the subject crash, and related expenses including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

29. As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

30. Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Tyler Young, prays for judgment in his/her favor and against Defendant, Ally US, LLC, in an amount in excess of Seventy-Five ($75,000.00) Dollars, plus all costs and other relief this court deems just.

**COUNT III**
**Tyler Young v. Ally US, LLC**
**Respondeat Superior**

31. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

32. The negligence and/or carelessness of Defendant, Ally US, LLC, which was the proximate cause of the subject motor vehicle collision and the resultant injuries and damages suffered by Plaintiff included the following actions/inactions:

   a. Failure to exercise ordinary care to avoid a crash;

   b. Operating the Subject Motor Vehicle without regard for the rights or safety of Plaintiff or the general motoring public, and in such a manner as to strike Plaintiff's vehicle;

   c. Failing to keep a proper lookout for vehicular traffic ahead;

   d. Failing to adequately, sufficiently, and properly clear traffic to ensure it was safe to continuing proceeding forward;

   e. Failing to yield the right of way to vehicular traffic ahead, including Plaintiff;

   f. Failing to maintain proper distance between vehicles;

   g. Failing to have the Subject Motor Vehicle under proper and adequate control;

h. Operating the Subject Motor Vehicle at a rate of speed that was dangerous and excessive under the circumstances;

i. Violating the "assured clear distance ahead" rule;

j. Failure to apply his/her brakes earlier to stop the Subject Motor Vehicle to avoid the subject motor vehicle collision;

k. Being inattentive to his/her duties as the operator of the Subject Motor Vehicle;

l. Failing to remain continually alert while operating the Subject Motor Vehicle;

m. Failing to perceive the highly apparent danger to the monitoring public, specifically, including Plaintiff, which his/her actions and/or inactions posed;

n. Failing to be highly vigilant and maintain sufficient control of the Subject Motor Vehicle and bring it to a stop on the shortest notice possible;

o. Operating the Subject Motor Vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

p. Continuing to operate the Subject Motor Vehicle in a direction towards Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen that further operation in that direction would result in a crash;

q. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

r. Failing to exercise and adhere to proper safe and defensive driving practices as set forth in his/her driver training and/or required by applicable state and/or Federal Motor Carrier Safety Regulations

s. Driving while above the hours of service allotted by applicable state and Federal Motor Carrier Regulations and/or otherwise fatigued;

t. Driving while distracted;

u. Failing to operate said motor vehicle in a compliance with applicable state and local laws and ordinances pertaining to the operation and control of motor vehicles including violations of Pennsylvania Motor Vehicle Code Sections 3303, 3304, 3310, 3333, 3361, 3714, 3736, and/or;

33. As a direct and proximate result of the negligent, and/or careless conduct of a driver for Ally US, LLC, described above, Plaintiff suffered various serious and permanent

personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including to the lower back and neck, as well as left hip pain, all to Plaintiff's great loss and detriment.

34. As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

35. As an additional result of the carelessness and/or negligence, of a driver for Ally US, LLC, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

36. As a direct result of the carelessness, and/or negligence of a driver for Ally US, LLC, Plaintiff suffered damage to his/her personal property, including the motor vehicle he/she was operating at the time of the subject motor vehicle collision, and related expenses including but not limited to storage fees and towing, all to Plaintiff's great loss and detriment.

37. As a further result of Plaintiff's injuries, he/she has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

38. Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Tyler Young, prays for judgment in his/her favor and against

Defendant Ally US, LLC, in an amount in excess of Seventy-Five ($75,000.00) Dollars, plus all costs and other relief this court deems just.

                                                    SIMON & SIMON, P.C.

BY: _____*Marc Simon*_____
                                       Marc Simon, Esquire